Arnold Pacyne
vs.          P.A.No.2096
Newport Trust Co., Conservator.

April 16, 1926.

WALSH, J. This is an appeal from the decree of the Probate Court of the City of Newport permitting the conservator of the property of Walter Sherman to file a disallowance of the claim of Arnold Payne amounting to $1200.00 with accrued interest.

The Newport Trust Company was appointed conservator of the property of Walter Sherman by the Probate Court of the City of Newport 'on April 28, 1922. The petitioner filed this claim against said Sherman in said court on November 14, 1923. On December 5, 1925, the re-

spondent filed its petition in said Probate Court asking leave of said court to file its disallowance of petitioner's claim. On December 23, 1925, the Probate Court granted permission to the conservator to disallow the present claim.

Walter Sherman died about May 1st, 1925, and his will was proved and allowed May 25, 1925, by the Probate Court of the City of Newport and William A. Sherman and Edward A. Sherman were appointed executors and qualified.

The law is clear that if a person due to advanced age or mental weakness is unable to properly care for his property a conservator of his property may be appointed and shall have the charge and management of his property "subject to the direction of the court." Said conservator may be discharged by the court at any time whenever conservatorship is no longer necessary. From the time the petition is filed for a conservator, the ward is under a disability to contract. The conservator is required to file an inventory and give bond the same as guardians.

The contention is made that Chapter 372, Sec. 37 (5690), General Laws 1923, places upon a conservator the same obligations as to disallowance of claims against his ward as apply to guardians. The argument is advanced that the word "management" in substance contemplates that "disallowance of claims" is included in the duties of conservator. With this proposition we can not agree. The statute is explicit and must be strictly construed. The disability in conservatorship may be removed at any time by the court. Upon removal the duty of the conservator is to render his account and get the approval of the court of his activities as conservator and be released.

Our opinion is that there is no duty upon the conservator to disallow the claim of the petitioner filed in the Probate Court; that the filing of said disallowance by the conservator was of no effect; that the decree of the Probate Court appealed from, permitting respondent to file disallowance, should be and hereby is reversed.

For appellants: Sheffield & Harvey.

For appellees: Burdick & MacLeod.